# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAYMOND SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CIV-22-900-F |
| ) | |
| STATE OF OKLAHOMA, ex rel. ) | (District Court of Okla. County |
| OKLAHOMA DEPARTMENT OF ) | Case No. CJ-2022-4198) |
| PUBLIC SAFETY, a Governmental ) | |
| agency of the State of Oklahoma, ) | |
| OFFICER MATTHEW RACKLEY, ) | |
| in his individual capacity as a highway ) | |
| patrol officer for the State of ) | |
| Oklahoma, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

The above-entitled action was originally commenced in the District Court of Oklahoma County, State of Oklahoma. Defendants removed the action to this court, claiming the existence of federal question jurisdiction, 28 U.S.C. § 1331, due to plaintiff's claims seeking relief under 42 U.S.C. § 1983 for alleged violations of his constitutional rights under the Fourth and Fourteenth Amendments. Shortly thereafter, defendants moved to dismiss the § 1983 claims against them. Doc. no. 5.

Presently, the court is in receipt of Plaintiff's "Notice to Dismiss His Federal Claims With Prejudice and Requests a Remand of His State Claims to State District." Doc. no. 7. Upon review, the court construes plaintiff's filing as a motion to amend the petition under Rule 15(a), Fed. R. Civ. P., to dismiss his § 1983 claims. *See*, Carskadon v. Diva Intern., Inc., No. 12-cv-01886-RM-KMT, 2013 WL 1876784, at

*2 (D. Colo. May 3, 2013) ("[A] Plaintiff who wishes to dismiss some claims, but not others, should do so by amending the complaint pursuant to Rule 15."); *see also*, Gobbo Farms & Orchards v. Poole Chem. Co., 81 F.3d 122, 123 (10th Cir. 1996) ("[Plaintiff] offers no authority, and we have found none, to support its contention that Rule 41(a)[, Fed. R. Civ. P.,] applies to dismissal of less than all claims in an action.").

So construed, the court finds that plaintiff's motion to amend the petition should be and is hereby **GRANTED**.  Rather than require plaintiff to file an amended petition eliminating the § 1983 claims and requiring a response from defendants, the court deems plaintiff's petition amended to dismiss the § 1983 claims.  Because the federal law claims have been dismissed, leaving only state law claims for adjudication, and the above-entitled action is in its infancy, the court declines to exercise supplemental jurisdiction over the state law claims and **REMANDS** the above-entitled action to the District Court of Oklahoma, State of Oklahoma, for further proceedings.  *See*, Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988).

In light of the court's ruling, Defendants' Amended Motion to Dismiss (doc. no. 5) is **DENIED** as **MOOT**.

IT IS SO ORDERED this 2nd day of November, 2022.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0900p001.docx